LEHIGH   VALLEY   RAILROAD   COMPANY   *v.*
  UNITED STATES OF AMERICA AND INTER-
  STATE COMMERCE COMMISSION.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 733.   Argued March 15, 1917.—Decided March 26, 1917.

The District Court is without jurisdiction over an order of the Inter-
    state Commerce Commission, negative in substance and form, in
    which the Commission declined to exercise its authority under the
    "Panama Canal Act" of August 24, 1912, c. 390, § 11, 37 Stat.
    560, 566, to extend the period fixed in the act for the divorcement of
    railroad and water carriers. *Procter & Gamble Co.* v. *United States,*
    225 U. S. 282.
234 Fed. Rep. 682, affirmed.

THE case is stated in the opinion.

Mr. *Richard W. Barrett,* with whom Mr. *John G. John-
son* and Mr. *Edgar H. Boles* were on the brief, for appel-
lant.

Mr. *Blackburn Esterline,* Special Assistant to the At-
torney General, with whom *The Solicitor General* was on
the brief, for the United States.

Mr. *Joseph W. Folk* for the Interstate Commerce
Commission.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to prevent the enforcement of an order of
the Interstate Commerce Commission.  On December 2,
1913, the Commission issued a circular calling attention

to the fact that the Act of August 24, 1912, c. 390, § 11, 37 Stat. 560, 566, known as the Panama Canal Act, prohibited, after July 1, 1914, any ownership by a railroad in any common carrier by water when the railroad might compete for traffic with the water carrier; and that the Commission was authorized to determine questions of fact as to such competition, and to extend the time beyond July 1, 1914, if the extension would not exclude or reduce competition on the water route. Notice was given that applications for extension of time should be filed by March 1, 1914. Thereupon, in January, 1914, the appellant filed a petition praying for a hearing as to whether the services of a steamboat line owned by it would be in violation of the above section and for an extension of time. It is the order issued upon this petition against which relief is sought.

The facts other than the question whether they warrant the conclusion that the railroad and the steamboat line do or may compete are not disputed. The railroad extends from Jersey City to Buffalo and there connects with the line of the Lehigh Valley Transportation Company which runs vessels between Buffalo and Chicago and Milwaukee. The railroad company owns all the stock of the Transportation Company; but with the exception of the interchange port of Buffalo serves no point in common with the boats of the latter. It is, however, a party to certain fast-freight-line arrangements and all-rail routes and joint rates to the ports served by its vessels. The effect of these connections and of the railroad's membership of the Lake Lines Association was held by the Commission to put the railroad in a position inimical to the best interests of the boat line, to deprive the latter of its initial rate-making power and to determine by outside authority whether freight shall move by all rail or by lake and rail routes, and if by the latter, by which lake line. It was held that by virtue of these arrangements the railroad

did or might compete with its boat line and upon that decision the petition of 'the appellant was dismissed. 33 I. C. C. 699, 706, 716.  37 I. C. C. 77.

Three judges sitting in the District Court denied the injunction asked and dismissed the bill.  234 Fed. Rep. 682.  Although they proceeded to discuss the merits of the case they intimated at the outset a strong doubt whether in any event an injunction could be granted. If this doubt was well founded there is nothing more to be said, since the ground of jurisdiction is gone.  We assume that the question whether the facts found by the Commission present a case of real or possible competition within the meaning of the statute is a question of law that could not be conclusively answered by the Commission; but still there is nothing for a court of equity to enjoin if all that the Commission has done is to decline to extend the time during which the railroad can keep its boat line without risk.

The order of the Commission was negative in substance as well as in form.  *Procter & Gamble Co.* v. *United States,* 225 U. S. 282, 292, 293.  The risk to which the railroad was left subject did not come from the order but from the above-mentioned section of the Panama Canal Act (amending § 5 of the Act to Regulate Commerce) making each day of violation a separate offence and the provision of the latter act, § 10, which imposes a possibly large fine. This risk is the same that it was before the order or that it would have been if appellant had not applied to the Commission, except so far as the findings establish facts that we believe there is no desire to dispute.  Without going further it appears to us plain that the decree of the District Court dismissing the bill was right.

*Decree affirmed.*