# PIEDMONT & NORTHERN RY. CO. ET AL. v. UNITED STATES ET AL.

No. 164.   Argued January 22, 1930.—Decided February 24, 1930.

470

*Messrs. Charles E. Hughes, Cameron Morrison, H. J. Haynsworth,* and *W. S. O'B. Robinson, Jr.,* on behalf of the Piedmont & Northern Railway Co., and *Mr. John E. Benton,* on behalf of the National Association of Railroad and Utilities Commissioners, submitted a jurisdictional statement for the appellants.

472

*Mr. W. S. O'B. Robinson, Jr.,* with whom *Messrs. Cameron Morrison* and *H. J. Haynsworth* were on the brief, argued the case for the Piedmont & Northern Railway Co.

*Mr. John E. Benton,* with whom *Mr. Clyde S. Bailey* was on the brief, argued the case for the National Association of Railroad and Utilities Commissioners.

*Attorney General Mitchell, Assistant to the Attorney General O'Brian,* and *Messrs. Claude R. Branch* and *Charles H. Weston,* Special Assistants to the Attorney General, for the United States, submitted on the brief of the Interstate Commerce Commission.

*Mr. Daniel W. Knowlton* for the Interstate Commerce Commission.

*Mr. Sidney S. Alderman,* with whom *Messrs. L. E. Jeffries, S. R. Prince, James F. Wright, Carl H. Davis, F. B. Grier, Edward S. Jouett, Wm. C. Burger* and *James L. McLaughlin* were on the brief, for the Southern Railway Company and other interveners, appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Paragraph 18 of § 1 of the Interstate Commerce Act, as amended by Transportation Act, 1920, February 28, c. 91, § 402, 41 Stat. 456, 477-8, prohibits any carrier by railroad subject to that Act from undertaking any extension of its lines or construction of new lines, without first obtaining from the Interstate Commerce Commission a certificate of public necessity and convenience. Paragraphs 19 and 20 provide for applications for certificates and prescribe the procedure and mode of disposal. Paragraph 22 exempts from the scope of those provisions the construction of industrial and certain other tracks " located wholly within one State, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation."

The Piedmont & Northern Railway, a carrier by railroad subject to the Interstate Commerce Act, operates in interstate commerce about 128 miles of line in North and South Carolina, using exclusively electric locomotives. It determined to extend its lines 53 miles on one route and 75 miles on another, in order to connect with several steam railroads; and, believing that the above provisions of the Act were inapplicable, it intended to make the proposed extensions without securing from the Commission a certificate of public necessity and convenience. The Commission, learning informally of the project, advised the Railway by letter that before it " constructs any extensions to its line or issues any securities it will be expected

to file appropriate applications for authority therefor under sections 1 and 20a. The filing of such applications will, of course, be without prejudice to your right to assert that the Commission has no jurisdiction over your property in those respects and to adduce whatever evidence you may desire to support such contention." The letter called attention to the following passage in *Texas & Pacific Ry. Co.* v. *Gulf, Colorado & Santa Fe Ry. Co.*, 270 U. S. 266, 272:

" Whenever such an application is made, the Commission may pass incidentally upon the question whether what is called an extension is in fact such; for, if it proves to be only an industrial track, the Commission must decline, on that ground, to issue a certificate. A carrier desiring to construct new tracks does not, by making application to the Commission, necessarily admit that they constitute an extension. It may secure a determination of the question, without waiving any right, by asserting in the application that in its opinion a certificate is not required because the construction involves only an industrial track."

Upon receipt of this letter, the Railway filed an application for a certificate of public necessity and convenience; and it asserted therein that the proposed extensions were parts of a single project undertaken prior to the effective date of paragraph 18[1] and that it was an interurban electric railway within the exemption of paragraph 22. It accordingly moved that its application be dismissed for want of jurisdiction. The Commission overruled the motion; took jurisdiction; and entered an order denying the application on its merits. *Proposed Construction of Lines by Piedmont & Northern Ry. Co.*, 138

[1] Compare Application of Uvalde & Northern Ry. Co., 67 I. C. C. 554; Application of Texas, Oklahoma & Eastern R. R. Co., 67 I. C. C. 484; Application of Gulf Ports Terminal Ry. Co., 71 I. C. C. 759.

I. C. C. 363. This suit was then brought by the Railway against the United States in the federal court for western South Carolina, under the Urgent Deficiencies Act, October 22, 1913, c. 32, 38 Stat. 208, 219, 220, U. S. C., Tit. 28, § 47, and, as the bill states, also under " the general equity jurisdiction " of the court. The bill charges that if the order is not set aside, the Railway " will be prevented from constructing the new mileage "; and prays for " a permanent injunction decreeing that the Commission was without jurisdiction of the application," that the order " taking jurisdiction of said application and denying the same, be set aside and annulled, and that the Commission be forever enjoined from taking any action or proceeding against your petitioner under said order." The National Association of Railroad and Utility Commissioners intervened as plaintiff. The Interstate Commerce Commission, the Southern Railway and other steam railroads intervened as defendants. The Commission moved to dismiss the bill for want of jurisdiction. The court, three judges sitting, denied the motion; and, the case being submitted on final hearing upon the pleadings and the record before the Commission, entered a decree dismissing the bill on the merits. 30 F. (2d) 421. A direct appeal to this Court was taken by both plaintiffs under § 238 (4) of the Judicial Code, as amended by the Act of February 13, 1925, c. 229, 43 Stat. 936, 938; U. S. C., Tit. 28, § 345.

Plaintiffs do not complain of the order's denial of a certificate of public necessity and convenience. They concede that no court has the power to compel the Commission to issue such a certificate, since no railroad subject to the provisions of the Act has a right to extend its lines. Therefore, the order denying a certificate, being negative in substance as well as in form, infringed no right of the Railway. Compare *Proctor & Gamble Co.* v. *United States*, 225 U. S. 282; *Lehigh Valley R. R. Co.* v.

*United States,* 243 U. S 412; *United States* v. *New River
Co.,* 265 U. S. 533, 540. The plaintiffs have also aban-
doned, in this Court, their contention that the proposed
extensions are part of a project undertaken prior to the
effective date of paragraph 18. Their sole contention
is that the court below and the Commission erred in not
holding that the Railway is an interurban electric rail-
way within the exemption of paragraph 22. The defend-
ants renew their objections to the jurisdiction of the
court.

We think that the defendants' objection is well taken.
There is no allegation of fact in the bill, and no provision
in the statute, which supports the charge that the order
will prevent the Railway from proceeding with the con-
struction of the new mileage. The order is wholly un-
like a decree which dismisses a bill in equity on the merits
when it should have been dismissed for want of jurisdic-
tion. Such a decree must be set aside because, otherwise,
it might be held to operate as *res judicata.* Compare
*Swift & Co.* v *United States,* 276 U. S. 311, 325–6; *New
Orleans* v. *Fisher,* 180 U. S. 185, 196; *Dowell* v. *Applegate,*
152 U. S. 327, 337–41. But neither the assumption of
jurisdiction by the Commission nor its denial of the ap-
plication can operate as *res judicata* of the Railway's
claim of immunity. If, as is contended, the Commission
was without jurisdiction, the Railway is as free to pro-
ceed with the construction as if the application had not
been made and the Commission had not acted. Nothing
done by the Commission can prejudice the Railway's claim
to immunity in any other proceeding.

It is true that, if the Railway builds without having
secured a certificate, it may suffer serious loss. For, a
court may hold, in an appropriate proceeding, that the
Railway is within the purview of paragraph 18. And the
Railway may be thus subjected to the penalties prescribed
by paragraph 20. These risks arise, however, not from

the order, but from the statute. Compare *Lehigh Valley R. R. Co.* v. *United States*, 243 U. S. 412, 414. The order is entirely negative. It is not susceptible of violation and cannot call for enforcement. It does not finally adjudicate the Railway's standing; nor does it enjoin it to do or refrain from doing anything. The penalties provided in paragraph 20 are prescribed not for violation of an order of the Commission, but for violation of the provisions of the statute.· And the apprehended loss will be no greater by virtue of the Commission's order than if the Railway had commenced building without trying to secure a certificate, as was done in *Texas & Pacific Ry. Co.* v. *Gulf, Colorado & Santa Fe Ry. Co.*, 270 U. S. 266. There is no suggestion in the bill how the Commission or the Government could conceivably take any action under the order.

The action taken by the Commission may lend greater justification to the Railway's fear of the uncertainty instinct in the prophecy as to whether it will be held to be an interurban electric within the meaning of paragraph 22. But it does not alter the substance of the remedy sought. That is the same as if the suit had been brought by the Railway prior to any action by the Commission, except that the Railway may be bound by the record made before the Commission. The relief which plaintiffs seek is not from the order but from the uncertainty as to the applicability of the statute. If the statute gives the Commission jurisdiction over the Railway's application, then concededly the order is not subject to attack. If, on the other hand, the statute does not confer the jurisdiction, then obviously the order is no obstacle to the Railway's plans. What plaintiff's are seeking is, therefore, in substance, a declaratory judgment that the Railway is within the exemption contained in paragraph 22 of the Act. Such a remedy is not within either the statutory or the equity jurisdiction of federal courts. Com-.

pare *Willing* v. *Chicago Auditorium Association,* 277 U. S. 274; *Great Northern Ry. Co.* v. *United States,* 277 U. S. 172, 182; *Liberty Warehouse Co.* v. *Grannis,* 273 U. S. 70, 74; *United States* v. *Los Angeles & Salt Lake R. R. Co.,* 273 U. S. 299.

There is nothing in the passage from *Texas & Pacific Ry. Co.* v. *United States,* 270 U. S. 266, 272, quoted by the Commission, which is inconsistent with the conclusion stated above. The case is entirely different from those cases where an application for a certificate is alleged to have been erroneously granted, as in *The Chicago Junction Case,* 264 U. S. 258 and *Colorado* v. *United States,* 271 U. S. 153. There, a judicial review is provided in order to protect a legal right of the plaintiff alleged to have been infringed by an order which authorizes affirmative action.

Since plaintiffs' bill was dismissed on the merits when it should have been dismissed for want of jurisdiction, the decree must be reversed with directions to dismiss the bill for want of jurisdiction. *Smallwood* v. *Gallardo,* 275 U. S. 56, 62; *Shawnee Sewerage & Drainage Co.* v. *Stearns,* 220 U. S. 462, 471; *Blacklock* v. *Small,* 127 U. S. 96, 105. Compare *United States* v. *Anchor Coal Co.,* 279 U. S. 812; *Gnerich* v. *Rutter,* 265 U. S. 388, 393; *Brownlow* v. *Schwartz,* 261 U. S. 216, 218.

*Reversed with direction to dismiss the bill for want of jurisdiction.*