## CAROLINA ALUMINUM CO. v. FEDERAL POWER COMMISSION.

### No. 4318.

Circuit Court of Appeals, Fourth Circuit.
June 6, 1938.

Randall J. LeBoeuf, Jr., of New York City (LeBoeuf, Machold & Lamb, of New York City, Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., William M. Hendren, of Winston-Salem, N. C., J. C. B. Ehringhaus, of Raleigh, N. C., and Frank B. Ingersoll, of Pittsburgh, Pa., on the brief), for petitioner.

Oswald Ryan, Gen. Counsel, and Willard W. Gatchell, Principal Atty., Federal Power Commission, both of Washington, D. C. (William C. Koplovitz, Howard E. Wahrenbrock, and Gregory Hankin, all of Washington, D. C., on the brief), for respondent.

Harry McMullan, Asst. Atty. Gen. of North Carolina (A. A. F. Seawell, Atty. Gen. of North Carolina, on the brief), and J. M. Daniel, Atty. Gen. of South Carolina, amici curiæ.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a petition to review and set aside a finding of the Federal Power Commission to the effect that interstate or foreign commerce would be affected by the proposed construction by petitioner of a hydro-electric power project on the Yadkin River near Tuckertown, North Carolina. On May 29, 1937, petitioner filed with the Commission a declaration of intention to construct the project. A hearing was thereupon held by the Commission and much evidence was taken bearing upon the issue as to whether the navigability of the Pee Dee River in its navigable portion would be affected by the proposed construction. The Commission on November 16, 1937, filed its opinion on the facts and made the following finding: "That the interests of interstate or foreign commerce would be affected by such proposed construction of the said project." No order was entered, however, requiring petitioner to take or refrain from taking any action whatsoever or granting or denying any form of relief. A petition was promptly filed with the Commission alleging error in the finding and asking a rehearing on that ground; but this was denied as being without merit. Petition for review was then filed with this court. The matter may be briefly disposed of, as we are of opinion that we are given no power to review a mere finding as distinguished from an order of the Commission.

The only statute under which we are given power to review actions of the commission is Sec. 313(b) of the Federal Power Act, 49 Stat. 860, 16 U.S.C.A. § 825*l* (b), the pertinent portion of which is as follows:

"Any party to a proceeding under this Act [chapter] aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals * * * by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order com-plained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive."

It will be noted that it is an order and not a finding of the Commission which the court is authorized to review; and there would seem to be little room for doubt that by an order is meant some command of the Commission directing or restraining action or granting or denying some form of relief. An "order" is a "mandate, precept; a command or direction authoritatively given; a rule or regulation". Black's Law Dictionary; 46 C.J. 1131; 42 C.J. 464. An order of the Commission is analogous to the judgment of a court; and it is well settled that findings constitute no part of a judgment even though incorporated in the same instrument with it. 15 R.C.L. 570; Judge v. Powers, 156 Iowa 251, 136 N.W. 315, Ann.Cas.1915B, 280. As said by Judge Learned Hand in Eckerson v. Tanney, D. C., 235 F. 415, 418, "The judgment itself does not reside in its recitals, but in the mandatory portions." In reviewing an order the court may examine the findings to determine whether they support the order and may examine the evidence to determine whether it supports the findings; but the court is given no authority to review a mere finding upon which no order is based, even though it may determine a status which may form the basis of future governmental action, for even such a finding lacks the fundamental characteristics of an order. Shannahan v. United States, 58 S.Ct. 732, 82 L.Ed. ——; United States v. Griffin, 58 S.Ct. 601, 82 L.Ed. ——; Piedmont & N. R. Co. v. United States, 280 U.S. 469, 50 S.Ct. 192, 74 L.Ed. 551; United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651; Lehigh Valley R. Co. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819; Brady v. Interstate Commerce Commission, D.C., 43 F.2d 847, affirmed Brady v. United States, 283 U.S. 804, 51 S.Ct. 559, 75 L.Ed. 1424.

In United States v. Los Angeles & Salt Lake R. Co., supra, review was sought of a

finding as to the value of a railroad. In holding that such a finding was not reviewable under the statute ·authorizing review of orders of the Commission, the Supreme Court said (page 414):

"The so-called order here complained of is one which does not command the carrier to do, or to refrain from doing, anything; which does not grant or withhold any authority, · privilege or license; which does not extend or abridge any power or facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition; which does not determine any right or obligation. This so-called order is merely the formal record of conclusions reached after a study of data collected in the course of extensive research conducted by the Commission, through its employees. It is the exercise solely of the function of investigation. Compare Smith v. Interstate Commerce Commission, 245 U.S. 33, 38 S.Ct. 30, 62 L. Ed. 135. Moreover, the investigation made was not a step in a pending proceeding in which an order of the character of those held to be judicially reviewable could be entered later. It was merely preparation for possible action in some proceeding which may be instituted in the future—preparation deemed by Congress necessary to enable the Commission to perform adequately its duties, if and when occasion for action shall arise. The final report may, of course, become a basis for action by the Commission, as it may become a basis for action by Congress or by the Legislature or an administrative board of a state. But so may any report of an investigation, whether made by a committee of Congress or by the Commission pursuant to a resolution of Congress or of either branch thereof."

The case of Shannahan v. United States, supra, is directly in point. While the review there sought under the applicable statute was before a special District Court of three judges, 20 F.Supp. 1002, constituted under the provisions of the Urgent Deficiencies Act, 28 U.S.C.A. §§ 41 (28), 46, 47, the question involved was the same, i. e. whether a finding of fact by an administrative commission is reviewable under a statute authorizing the court to review the commission's orders. The Interstate Commerce Commission in that case had made a finding that a certain railroad was not a street, urban or suburban electric railway and was therefore not within the exception of the proviso of the National Railway Labor Act, as amended, 45 U.S.C.A. § 151 et seq. No order was entered upon the finding. The statute there, as here, authorized such determination of fact by the Commission and imposed obligations upon railroads not found to be within the exception. In holding that the finding of the Commission was not an order reviewable under the provisions of the Urgent Deficiencies Act vesting the court with jurisdiction of cases brought to enjoin, set aside, amend or suspend in whole or in part any order of the Commission, the court said (58 S.Ct. page 734):

"The function of the Commission is limited to the determination of a fact. Its decision is not even in form an order. It 'had no characteristic of an order, affirmative or negative.' United States v. Illinois Cent. R. Co., 244 U.S. 82, 89, 37 S.Ct. 584, 587, 61 L.Ed. 1007; United States v. Atlanta, B. & C. R. Co., 282 U.S. 522, 527, 528, 51 S.Ct. 237, 238, 239, 75 L.Ed. 513. Compare Lehigh Valley R. Co. v. United States, 243 U.S. 412, 414, 37 S.Ct. 397, 61 L.Ed. 819. But even if this difficulty is overlooked, others are insuperable. The decision neither commands nor directs anything to be done. 'It was merely preparation for possible action in some proceeding which may be instituted in the future.' United States v. Los Angeles & S. L. R. Co., 273 U.S. 299, 310, 47 S.Ct. 413, 414, 71 L.Ed. 651. The determination is thus not enforceable by the Commission; the only action which could ever be taken on it would be by some other body. It is as clearly 'negative' as orders by which the Commission refuses to take requested action. United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. ——. As such, it is not reviewable under the Urgent Deficiencies Act."

The finding in the case at bar, like the finding in that case, embodies no decision which is capable of being enforced by anyone. True it is that the statute forbids the construction of any project upon a stream after the Power Commission shall find that the interests of interstate or foreign commerce would be affected thereby; but it does not authorize the Commission to enter an order forbidding the construction. On the contrary, it provides that the Commission shall bring action in a District Court to enjoin violations of the Act when it appears that it is about to be violated.

Sec. 314, 16 U.S.C.A. § 825m. Adverting to a similar situation in the Shannahan Case, the Court said:

"The determination, whether applied for by the Board, by a carrier, or by employees, is clearly not an order enforceable within the meaning of the cases construing and applying the Urgent Deficiencies Act. It is a decision on a controverted matter, comparable to that considered in United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651, in Great Northern Ry. Co. v. United States, 277 U.S. 172, 48 S.Ct. 466, 72 L.Ed. 838, in United States v. Atlanta, B. & C. Ry. Co., 282 U.S. 522, 51 S.Ct. 237, 75 L.Ed. 513, and in United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. —, which were held not to be subject to review under the Urgent Deficiencies Act."

Answering a contention that the finding of the Commission, by fixing the status of the railroad, imposed obligations upon it and made it subject to criminal penalties for failure to discharge such obligations, the Court used language which is determinative of a similar contention here. The Court said:

"The trustees argue that the determination of the Commission is an affirmative 'order, because it fixed for the first time, by the only body authorized by law to do so, the status of the carrier'; that by fixing the status, the obligations of the Railway Labor Act are fixed upon the carrier; and that willful failure or refusal of any carrier to comply with certain of the obligations is made a misdemeanor. Lehigh Valley R. Co. v. United States, supra, shows that the determination of a status or similar matter is not action subject to review under the Urgent Deficiencies Act even if disregard of the determination may subject the carrier to criminal prosecution."

■ And we do not think that the Commission's finding may be reviewed under guise of reviewing the order denying the petition for rehearing. Passing by the fact that this order was purely negative in character, it is clear that the requirement of a petition for rehearing as prerequisite to application to a court for review was inserted in the statute, not for the purpose of giving the court jurisdiction to review a mere finding, but to give the Commission opportunity to correct mistakes in reviewable orders before resort is had to the courts. There is nothing in Metropolitan Edison Co. v. Federal Power Commission, 3 Cir., 94 F.2d 943, to the contrary.[1]

■ If the Commission has made a finding without proper basis, the petitioner is not without remedy. It may contest the finding in a proceeding instituted to enjoin violation of the act under Sec. 314(a), 16 U.S.C.A. § 825m(a), the course followed by the Appalachian Electric Power Co. with respect to its New River Development and the course followed in a very similar case by the Piedmont & Northern Ry. Co. in the case of a finding that denied it exception from the provisions of the Transportation Act of 1920. Section 402, 49 U.S.C.A. § 1(18–22). Piedmont & Northern Ry. Co. v. Interstate Commerce Commission, 286 U.S. 299, 52 S.Ct. 541, 76 L.Ed. 1115. Or, if no suit for injunction is brought and the company apprehends an attempt on the part of the officers of the government to enforce the penalties of the act against it in case it proceeds with the proposed construction, and thinks such threatened action to be without legal basis, it may sue to enjoin them from taking such action and test its rights in that way. Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Appalachian Electric Power Co. v. Smith, 4 Cir., 67 F.2d 451. But whatever the rights of petitioner in other cases, which we cannot, of course, pass on authoritatively here, it is clear that we have no jurisdiction to review the finding of the Commission on the petition before us.

For the reasons stated, the petition will be dismissed.

Petition dismissed.

---

[1] Since the preparation of this opinion the Supreme Court has reversed the decision of the Third Circuit in the Metropolitan Edison Case in an opinion which would seem to settle beyond all controversy that a mere finding by the Commission is not reviewable under the statute. Federal Power Commission v. Metropolitan Edison Co. et al., 58 S.Ct. 963, 82 L.Ed. —.