## NEWPORT ELECTRIC CORPORATION et al. v. FEDERAL POWER COMMISSION.

Circuit Court of Appeals, Second Circuit.
June 13, 1938.

Oswald Ryan, of Washington, D. C., for the motion.

Clark R. Fletcher, of Minneapolis, Minn., opposed.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The respondent, the Federal Power Commission, moves to dismiss a petition to review one of its orders on the ground that the proceeding is not within our jurisdiction. The petitioner, Newport Electric Corporation, is a Vermont corporation doing business in Newport, and the other petitioner, Citizens Utilities Company, is a Delaware corporation with its chief office in Minneapolis. They filed a joint application with the Commission in which the Newport Company asked leave to merge with the Citizens Utilities Company; the Commission granted a hearing and took written and oral testimony, and on November 24, 1937, found that the proposed transfer would not be consistent with the public interest, and denied the application. The petitioners thereupon asked for a rehearing as required by § 313(a), 16 U.S.C.A. § 825l(a), and on January 21, 1938, the Commission found that the Newport Company was a public utility within the meaning of the Federal Power Act, and denied the application for rehearing. Thereupon the petitioners filed a petition in this court under § 313(b), 16 U.S.C.A. § 825l(b), to review both orders on four separate grounds: (1) that the Commission had no jurisdiction over the merger; (2) that the orders were not supported by substantial evidence, and were contrary to law; (3) that they violated the statute because the public interest was consistent with the merger; and (4) that they were unreasonable, arbitrary and against the Fifth Amendment, U.S.C.A. Const. Amend. 5.

Section 313(b) in spite of its general terms does not give us jurisdiction to review every order of the Commission. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. ——, 58 S.Ct. 963, 82 L.Ed. ——. It is true that the order under review finally disposed of the proceeding after a hearing and upon findings; and that this appeal is not therefore subject to the procedural infirmities of the appeal in Federal Power Commission v. Metropolitan Edison Co., supra. Moreover, if we dismiss it, the petitioners will have no direct relief whatever. No doubt that would be strong doctrine, yet we think that it is sound. The Supreme Court has found "persuasive analogies" for the interpretation of the Federal Power Act in decisions passing upon the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. (Federal Power Commission v. Metropolitan Edison Co., supra), and Piedmont & Northern Ry. Co. v. United States, 280 U.S. 469, 50 S.Ct. 192, 74 L.Ed. 551, is an answer to the first ground of the petition. It was there held that a railway could not maintain a bill under the Urgent Deficiencies Act, 28 U.S.C.A. § 47, to review an order of the Interstate Commerce Commission, denying leave to extend its lines, if the bill were based upon the Commission's lack of jurisdiction. The grounds of that decision were that nothing which the Commission decided would be res judicata, and that the railway would not be concluded from raising the point anew; but that to do so it must accept the risks involved in a defiance of the order. All this applies pari passu to the situation at bar: the petitioners are not estopped by the Commission's order, and may show that it was made without jurisdiction, if they are attacked for violation of the statute; and, although this course may expose them to cumulated penalties, and may in practice prevent any effective review, they are, so far, in no worse case than many other suitors who are forced to challenge the acts of public authorities as beyond their powers. The first ground of the petition does not, therefore, present any case for review.

It fails also upon the second and third grounds: i. e. that the order was not supported by evidence. Section 203(a) of the act, 16 U.S.C.A. § 824b(a), vests power in the Commission to license mergers, and § 203(b), 16 U.S.C.A. § 824b(b), sets up two factors as standards: "main-

582

tenance of adequate service and the coördination in the public interest of facilities subject to the jurisdiction of the Commission". Congress might have forbidden mergers unconditionally; the corporate powers granted by the states are always subject to the regulation of interstate commerce, and in any event the power to merge is not vital to the corporate existence. And if it might forbid mergers absolutely, it might attach reasonable conditions to them, one of which certainly is that they shall conduce to the public interest. It might decide that question for itself in each case, or it might confide the decision to a subordinate tribunal, like the Commission. What review it chose to give of a decision by its subordinate was for it to decide; at least that is true with the possible exception of a case—not here presented—where the Commission did not use its powers at all, or used them corruptly, which is really the same thing. So far as it used them to the best of its ability, Congress might prefer to accept the chances of error, even of patent error, rather than to subject its decision to review by a court. We can see no constitutional objection to this, provided at least that a fair hearing is insured. In cases where as here the only issue is of a privilege which Congress might altogether withhold, the question is therefore one of interpretation, and the difficulties attending any wider review may well have been considered determinative. For, although a court were to review such an order, it could not substitute its own decision; it could only annul the Commission's; nor could it properly direct the Commission how to act, for that would be a way of evading its own limitations. Yet until the Commission acted, the merger would remain unlawful, and the appeal would be a nullity. Only in case the court could compel the Commission to grant a license would it be effective; but there is no warrant for pressing the court's powers so far as that. This, as we understand it, is the reason lying behind the distinction between affirmative aind negative orders applicable to suits under the Urgent Deficiencies Act, 38 Stat. 208, to review orders of the Interstate Commerce Commission. Procter & Gamble Company v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091; Lehigh Valley R. Co. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819; Standard Oil Co. v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L.Ed. 999;

United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263; United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. ——. We think that here too those decisions offer "persuasive analogies" for the interpretation of the Federal Power Act, and that no appeal lies for the second and third grounds of the petition.

The fourth ground of the appeal is the arbitrary character of the order and the unconstitutionality of the Act under the Fifth Amendment, U.S.C.A. Const. Amend. 5; but in the light of what we have already said, it needs no discussion.

The petitioners rely upon the decision of the Court of Appeals of the District of Columbia in American Sumatra Tobacco Corporation v. Securities and Exchange Commission, 68 App. D.C. 77, 93 F.2d 236, where an appeal was entertained from an order of the Commission in the following circumstances. The statute, § 24(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78x, provided that an applicant for registration might object to the disclosure of the information contained in his application and that the Commission might give him a hearing, and thereafter "make available to the public the information", if it thought disclosure to be in the public interest. The Commission held such a hearing and decided that disclosure was in the public interest; this was the order appealed from. We do not dispute that courts do review decisions depending upon standards as vague and undefined as that before us in the case at bar: that was true in American Sumatra Tobacco Corporation v. Securities and Exchange Commission, supra; the "public interest" was substantially the same standard as that before the Commission here. We believe, however, that where a statute is effective unless some public functionary, having dispensing power, dispenses with it, it is now settled that the courts shall not review its action. It is possible to read § 24(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78x, as requiring an affirmative decision of the Commission in order to publish the information at all; and the form of the order is of course not conclusive. United States v. New River Company, 265 U.S. 533, 44 S.Ct. 610, 68 L.Ed. 1165; Powell v. United States, 300 U.S. 276, 284, 285, 57 S.Ct. 470, 474, 475, 81 L.Ed. 643. If the statute be so understood, we are not in conflict with the Court of Appeals of the District of Columbia.

See Carolina Aluminum Co. v. Federal Power Comm., 4 Cir., 97 F.2d 435, June 6, 1938.

Petition to review dismissed for want of jurisdiction.