PACIFIC POWER & LIGHT CO. et al. v. FEDERAL POWER COMMISSION.

No. 8803.

Circuit Court of Appeals, Ninth Circuit.

Sept. 6, 1938.

836

John A. Laing and Henry S. Gray, both of Portland, Or., and A. J. G. Priest and R. A. Henderson, both of New York City (Laing & Gray, of Portland, Or., and Reid & Priest and Sidman I. Barber, all of New York City, of counsel), for petitioners.

Oswald Ryan, Gen. Counsel, Federal Power Commission, of Washington, D. C. (William C. Koplovitz and Gregory Hankin, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is a motion to dismiss the power and light companies' petition to review an order of the Federal Power Commission denying them the right to transfer all the property, rights, licenses and assets of Inland Power & Light Company to Pacific Power & Light Company.

The petitioners pray for our order (1) setting aside the order of the Commission and (2) directing the Commission to make and enter an appropriate order granting the authority for and approval of the transfer.

The petitioners had applied to the Commission for the order, hearing was had, evidence adduced and findings made in support of an order denying the application. A petition for rehearing was filed by the applicants within thirty days of the order, which was denied. The petition for review of the Board's order was duly filed in this court.

Petitioners claim § 203(a) of the Federal Power Act, 16 U.S.C.A. § 824b(a), while making the Commission's authorization a condition precedent to the consolidating transfer, confers a substantive right to its approval which the Commission *"shall"* give if petitioners show that the transfer is "consistent with the public interest." The Act provides:

Section 203. "(a) No public utility shall sell, lease, or otherwise dispose of the whole of its facilities subject to the jurisdiction of the Commission, or any part thereof of a value in excess of $50,000, or by any means whatsoever, directly or indirectly, merge or consolidate such facilities or any part thereof with those of any other person, or purchase, acquire, or take any security of any other public utility, without first having secured an order of the Commission 'authorizing it to do so. Upon application for such approval the Commission shall give reasonable notice in writing to the Governor and State commission of each of the States in which the physical property affected, or any part thereof, is situated, and to such other persons as it may deem advisable. After notice and opportunity for hearing, if the Commission finds that the proposed disposition, consolidation, acquisition, or control will be consistent with the public interest, it *shall* approve the same." (Italics supplied).

The petition asks review upon two claimed errors of the Commission: (1) That its order rests upon a finding of the Commission that "Applicants have failed to establish that said transfer will be consistent with the public interest within the contemplation of Section 203(a) of the Federal Power Act", which finding is not supported by the evidence, but, on the contrary, uncontradicted evidence conclusively establishes that such transfer is consistent with the public interest; and (2) That the Commission erred in holding that the phrase "consistent with the public interest" requires a showing that benefit to the public will result from the proposed merger

of facilities before it should receive Commission approval. We are not here concerned with the merits of these contentions but with our jurisdiction to entertain them.

Petitioners claim that they are entitled to petition for and have the requested review under § 313(b) of the Federal Power Act, 16 U.S.C.A. § 825*l*(b), providing:

Section 313. "(b) Any party to a proceeding under this Act [chapter] aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals of the United States * * * by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be 'modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. *The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive.* * * *"  (Italics supplied).

■ The last sentence quoted shows the character of review the petitioners are entitled to seek here. We are to review the order as supported by the finding, on a challenge that it is not "supported by substantial evidence." In this the case is distinguishable from Carolina Aluminum Co. v. Federal Power Commission, 4 Cir., 97 F. 2d 435, where, in the absence of an order affecting the petitioner, the finding was held not reviewable.

The Commission moves to dismiss the petition on the ground that the Court has no jurisdiction to entertain the review for the purpose of procuring an order or decree that the order of the Commission be set aside. The gravamen of its contention is that although Congress has provided that a party aggrieved may seek a review of an order denying the granting of the permission of the Commission for the exercise of the right conferred by the stat- ute and upon a proper showing have the order set aside, nevertheless this Court has no jurisdiction to set it aside because in denying the right, which "shall" be granted, the Commission's denial is negative in form.

Before discussing the authorities cited by the respective parties, it should be observed that if the contention of the Commission be correct, no remedy exists in the event that a right to the consolidation has been conferred by Section 203(a) of the Act, which has been unjustly denied to the petitioning power companies. The provision of the statute for filing the petition for review in this Court is, therefore, meaningless. It is obvious review would be sought only by the party denied the right which it claims Congress conferred on it. Every petitioner to the Commission is seeking a right claimed to be conferred by the Congress, and every denial of that right must necessarily be cast in the form of a negative order. If we have no jurisdiction because the denial must necessarily be cast in terms of negation, then every decision of the Commission adverse to such petitioners is final and not subject to review.

The first question for our solution is whether by the provision, "if the Commission find the proposed disposition, consolidation, acquisition and control will be consistent with the public interest, it *shall* approve the same" (Italics supplied) the Congress has conferred the *right* on the applying power companies to the approval of the Commission if, as claimed here, they make an affirmative showing of uncontroverted fact that the proposed consolidation "will be consistent with the public interest." This provision is not part of an act for the suppression of monopolies. On the contrary, public utility companies supplying electric light and power in many cases, if not most, are given monopolies of certain areas of distribution, and their rates controlled by public regulatory bodies. The declaration of policy of the Act before us declares such distribution, if interstate, "is affected by a public interest," and the Act provides for its regulation. No doubt evils may arise from overconcentration of power in consolidations of utility companies. It is equally apparent, on the other hand, that the public interest may best be served by economies arising from the diminution of competing units or the acquisition and immediate ownership of the physical prop-

erties of a subsidiary corporation by what had theretofore been its holding company.

■ Where such savings are made, they will be reflected in the regulated rates to the interested public. It may well be considered a duty on the part of a utility to seek such a beneficial consolidation—a service to the affected public interest in compliance with the policy of the Act. We agree that the section conferred a substantive right to the Commission's approval, upon compliance with the showing required by the statute.

■ It is also obvious that the denial of the right will be an order which loosely may be named a "negative order", in one of the several senses in which that term is used, but it is no more so than in an ordinary action at law where the judgment for the defendant is in a sense a negation of the prayer for relief. The right so conferred is positive, and, while denial of the application "may be in one sense negative, in another and broader view it is affirmative, since it refuses that which the statute in affirmative terms declares *shall* be granted if only the conditions which the statute provides are found to exist." (Italics supplied) Intermountain Rate Cases, 234 U.S. 476, 490, 34 S.Ct. 986, 993, 58 L. Ed. 1408; United States v. New River Co., 265 U.S. 533, 539, 44 S.Ct. 610, 612, 68 L. Ed. 1165; Powell v. United States, 300 U. S. 276, 284, 57 S.Ct. 470, 474, 81 L.Ed. 643.

It is a final order denying a substantive right "of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and [which should be] supported by findings appropriate to the case", to which the petition for review "relates." Federal Power Comm. v. Metropolitan Edison Co., 58 S.Ct. 963, 967, 82 L.Ed. ——. It is clear that the Order is an affirmative decision that the right does not exist and, hence, it holds, the petition for it must be denied.

Nor is there any merit in the contention that the denial merely places the petitioners in the same status as before applying for the order. On the contrary, if the petitioners' contention regarding consistency with the public interest be correct, before the order they were in possession of a right granted by Congress. After the order, they were deprived of it.

■ When such a claimed substantive right so definitively created by the Act is denied, the petitioner is a "party aggrieved" within the specific provisions of § 313(b). The review petitioned is to obtain our order (1) setting aside that of the Commission and (2) directing the Commission to give its approval of the consolidation.

Section 313(b) authorizes this Court to "affirm, modify, or set aside [the] order in whole or in part." We need not now decide whether we may "modify" such a denying order by making it an approval of the consolidation. It is sufficient for our jurisdiction that we may order it "set aside".

There is no merit in the Commission's contention that Congress has not given us such power because, after so setting aside the order and the return of the proceedings to the Commission, the situation is in statu quo ante the annulled order. So is the situation on a reversal of a judgment involving a new trial. The relief granted is not, as claimed by the Commission, a mere futility leading to repetitions of the Commission's identical order and successive identical annulments by us. It will not be presumed that the Board, any more than a trial court, will repeat in its proceedings an error of law so determined by the judicial tribunal reviewing the order under the reviewing provisions of the Act creating the right.

The Commission cites no Supreme Court cases holding otherwise. In Procter & Gamble Co. v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091; Hooker v. Knapp, 225 U.S. 302, 32 S.Ct. 769, 56 L. Ed. 1099; Lehigh Valley R. Co. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819, and Piedmont & Northern Ry. Co. v. United States, 280 U.S. 469, 50 S.Ct. 192, 74 L.Ed. 551, there are no specific rights definitely outlined in the statute and conferred on the petitioners and the acts make no provision for a judicial review on the petition of the owner of an alleged right claimed to have been frustrated by the denial of its exercise. The distinction, in regard to a specific provision for review in the act itself, between these and similar cases and the case at bar is shown in United States v. Griffin, 303 U.S. 226, 231, 238, 58 S.Ct. 601, 603, 607, 82 L.Ed. 764. Also, these were cases in which the orders were negative in "*substance* as well as in form" (Italics supplied). (Lehigh Valley R. Co.

v. United States, supra, page 414, 37 S.Ct. page 398) while here the order is affirmative in substance.

The order sought to be reviewed is a final order determining the nonexistence of the right, not a mere finding or report, as in United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651, United States v. Atlanta, Birmingham & Coast R. Co., 282 U.S. 522, 51 S.Ct. 237, 75 L.Ed. 513, and Shannahan v. United States, 303 U.S. 596, 58 S.Ct. 732, 82 L.Ed. 1039, decided April 4, 1938; nor a mere notice of hearing, as in Federal Power Commission v. Metropolitan Edison Co., supra.

We are not in accord with the opinion of the Second Circuit in Newport Electric Corp. v. Federal Power Comm., 97 F.2d 580, decided June 13, 1938, which, in our view does not give due weight to the definitive creation of the right to consolidate, nor to the specific provisions of the Act itself granting the right to review to one aggrieved by the final order adjudicating its non-existence. We are unable to distinguish, as does the Second Circuit, the right to review the question whether the proof shows "consistency with the public interest" from the decision that such right exists in American Sumatra Tobacco Corp. v. Securities and Exchange Comm., 68 App. D.C. 77, 93 F.2d 236.

Respondent's motion to dismiss the petition should be denied.