## HOUSTON NATURAL GAS CORPORATION v. SECURITIES AND EXCHANGE COMMISSION.

### No. 4389.

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1938.

Frederick J. Singley and Frederick J. Singley, Jr., both of Baltimore, Md. (Hink-ley, Burger & Singley, of Baltimore, Md., on the brief), for petitioner.

Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, of Washington, D. C. (Gerhard A. Gesell, David Ginsburg, and Maurice C. Kaplan, all of Washington, D. C., on the brief), for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition of the Houston Natural Gas Corporation, a Delaware corporation with its principal office and place of business in the City of Baltimore, Maryland, to review an order of the Securities and Exchange Commission. The order complained of denied the petitioner an exemption from the provisions of the Public Utility Holding Company Act of 1935, 49 Stat. 838, 15 U.S.C.A. § 79 et seq. The petition for exemption was first filed on November 30, 1935, and was amended on June 24, 1936. Exemption was claimed under Section 3 (a) (1) and 3 (a) (2) and under Section 2 (a) (29) (B) of the Act, 15 U.S. C.A. §§ 79c (a) (1, 2) and 79b (a) (29) (B).

After a hearing before a trial examiner, at which testimony was taken, an oral argument was had before the Commission, findings were made and an opinion rendered to the effect that the petitioner was not entitled to the exemption asked for. On August 1, 1938, an order was entered in accordance with the opinion.

Petitioner has four public utility subsidiaries. These subsidiaries are all incorporated in the State of Texas and are engaged in the business of distributing natural gas at retail to domestic and industrial consumers within the State of Texas. The properties of these subsidiaries are the only properties which the corporation owns.

Petitioner was organized at the same time as its subsidiaries for the primary purpose of facilitating their financing. It owns all of the bonds, common stock, and preferred stock of each of its subsidiaries.

■ We are first confronted with the question raised on behalf of the respondent whether the order complained of is reviewable. The question is basic and cannot be waived by the parties. United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L. Ed. 764. The Supreme Court in a recent decision expressly rejected the contention

6

that all orders are eligible for direct judicial review. Federal Power Commission v. Metropolitan Edison Company, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408.

The order reads as follows:

"Houston Natural Gas Corporation having made application for exemption from the provisions of the Public Utility Holding Company Act of 1935; notice and opportunity for hearing on said application having been duly given; a hearing having been held on said application; oral argument having been held before the Commission in connection with said application; the record in this matter having been duly considered, and the Commission having made appropriate findings of fact as fully set forth in the Commission's Findings of Fact and Opinion this day issued;

"It is ordered, that the application for exemption is hereby denied."

■ This order does not impose any duty on the petitioner nor does it prohibit any action. While holding that petitioner is not entitled to exemption it does not require registration under the Act and is capable of no enforcement. The order is negative in form and substance and the Supreme Court has repeatedly held that orders of this character are not subject to review. In Piedmont & Northern Ry. Co. et al. v. United States, 280 U.S. 469, 50 S.Ct. 192, 74 L.Ed. 551, the court said [page 193]: "The order is entirely negative. It is not susceptible of violation and cannot call for enforcement. It does not finally adjudicate the railway's standing; nor does it enjoin it to do or refrain from doing anything."

This principle was laid down in Proctor & Gamble Company v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091, and in Lehigh Valley R. R. Co. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819. In Standard Oil Company v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L.Ed. 999, the court said [page 430]: "A negative order which denies relief without more compels nothing requiring enforcement, and contemplates no action susceptible of being stayed by an injunction or affected by a decree setting aside, annulling, or suspending the order."

In the recent case of Shannahan v. United States, 303 U.S. 596, 58 S.Ct. 732, 82 L.Ed. 1039, Mr. Justice Brandeis in discussing an order refusing an exemption under the Railway Labor Act, as amended June 21, 1934, 48 Stat. 1185, c. 691, 45 U.S.C. § 151, said [page 734]: "The decision neither commands nor directs anything to be done. 'It was merely preparation for possible action in some proceeding which may be instituted in the future.' United States v. Los Angeles & S. L. R. Co., 273 U.S. 299, 310, 47 S.Ct. 413, 414, 71 L.Ed. 651. The determination is thus not enforceable by the Commission; the only action which could ever be taken on it would be by some other body. It is as clearly 'negative' as orders by which the Commission refuses to take requested action. United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764. As such, it is not reviewable under the Urgent Deficiencies Act."

In the case of Carolina Aluminum Co. v. Federal Power Commission, 4 Cir., 97 F.2d 435, Judge Parker, of this court, said [page 436]:

"* * * but the court is given no authority to review a mere finding upon which no order is based, even though it may determine a status which may form the basis of future governmental action, for even such a finding lacks the fundamental characteristics of an order. [Citing cases].

*    *    *    *    *    *

"The finding in the case at bar, like the finding in that case, embodies no decision which is capable of being enforced by anyone."

■ On the argument of the case before this court, a statement on behalf of Judge Robert E. Healy, a member of the Securities and Exchange Commission, was filed. This statement shows that Commissioner Healy takes the position that the order is reviewable but should be sustained as correct on the facts as found. The argument made in this statement is that under the wording of the Public Utility Holding Company Act a negative order of the character of the one here is reviewable. We cannot agree with this contention. That the conclusion of the Supreme Court that a negative order is not reviewable is based upon no peculiarity of wording is shown by the opinions of that court in the cases of Federal Power Commission v. Metropolitan Edison Company, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408, and Shannahan v. United States, supra. See, also, Carolina Aluminum Co. v. Federal Power Commission, supra.

The order complained of is not reviewable. This being our conclusion, it is not necessary for us to consider the facts proven or the other points sought to be raised. The petition will be dismissed.