For former opinion, see 110 F.2d 350.

Elmer L. Brock, of Denver, Colo. (C. H. Keffer, H. L. Adkins, H. C. Pipkin, Wales H. Madden, and H. M. Adkins, all of Amarillo, Tex., P. C. Spencer, of New York City, Wm. L. Darrah, of Cody, Wyo., John P. Akolt, E. R. Campbell, and Milton Smith, all of Denver, Colo., and William A. Dougherty, of New York City, on the brief), for petitioners.

Richard J. Connor, Asst. Gen. Counsel, Federal Power Commission, of Washington, D. C. (David W. Robinson, Jr., Gen. Counsel, Edward H. Lange, and W. A. Whittlesey, Attys., Federal Power Commission, all of Washington, D. C., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

In this opinion Canadian River Gas Company will be referred to as the Canadian Company and the Colorado Interstate Gas Company as the Colorado Company; col-

### CANADIAN RIVER GAS CO. et al. v. FEDERAL POWER COMMISSION.

#### No. 1931.

Circuit Court of Appeals, Tenth Circuit.

July 24, 1940.

lectively, they will be referred to as the companies; and the Federal Power Commission will be referred to as the Commission.

The order sought to be reviewed was entered March 14, 1939. The application of the companies for a rehearing was denied May 9, 1939. The petition for review was filed July 7, 1939. In the verified petition for rehearing our attention is directed to three orders made by the Commission, No. 63 entered September 6, 1939, No. 65 entered October 17, 1939, and No. 69 entered November 3, 1939, and it is stated that none of these orders has been vacated and none has been complied with by the companies. We are of the opinion that the question of whether the order of March 14, 1939, is reviewable must be determined under the facts existing at the time the petition for review was filed. The companies might have taken proper steps to have the subsequent orders reviewed and in those proceedings raised the jurisdictional question, but they may not in the present proceeding have their petition considered as though they were seeking review of the subsequent orders.

We now turn to certain cases cited by counsel for the companies in their memorandum brief on rehearing, in support of their contention that the order of March 14, 1939, is reviewable. In Federal Power Commission v. Pacific Power & Light Company, 307 U.S. 156, 59 S.Ct. 766, 83 L.Ed. 1180, the Inland Power & Light Company owned three hydroelectric projects in Oregon and Washington and the Pacific Company was engaged in generating and distributing electric energy in Oregon and Washington, and owned and operated facilities for interstate transportation of electricity. Section 203(a) of the Federal Power Act, 16 U.S.C.A. § 824b (a), provides that no public utility shall sell the whole of its facilities subject to the jurisdiction of the Commission, without first having secured an order of the Commission authorizing it so to do. The Inland and Pacific Companies filed a joint application with the Commission for approval, under §§ 8 and 203 of the Federal Power Act, 16 U.S.C.A. §§ 801, 824b, of a proposed transfer of all the assets of Inland to Pacific, and of the termination of Inland's existence. Having found, after a full hearing, that the applicants had failed to establish that the transfer would be consistent with the public interest within the contemplation of § 203(a) of the Federal Power Act, the Commission ordered that the application be denied. The Commission did not merely find that it had jurisdiction to hear and determine the application, but it proceeded with the hearing, made its finding, and denied the application. In the instant case, the Commission merely made a preliminary finding of jurisdiction and ordered the institution of the proceeding to investigate the rates, charges, classifications, rules, regulations, practices, and contracts of the companies. It has made no final order in the proceeding.

Lehigh Valley R. R. Co. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819, is discussed in Note 11 to the opinion in Rochester Tel. Corp. v. United States, 307 U.S. 125, 132, 59 S.Ct. 754, 758, 83 L.Ed. 1147. That case arose under the Panama Canal Act, 37 Stat. 560, 566, 49 U.S.C.A. § 5. The act prohibited, after July 1, 1914, any ownership by a railroad in any common carrier by water when the railroad might compete for traffic with the water carrier, and authorized the Interstate Commerce Commission to determine questions of fact as to such competition, and to extend the time beyond July 1, 1914, if the extension would not exclude or reduce competition on the water route. In January, 1914, the Lehigh Company filed a petition praying for a hearing as to whether the services of a steamboat line owned by it would be in violation of the act and for an extension of time. The Interstate Commerce Commission found, after a full hearing, that an extension and continuation of the existing services by water would prevent, exclude, and reduce competition on the Great Lakes, and entered its order denying the application. See Lake Line Applications Under Panama Canal Act, 33 I. C. C. pages 699, 716. Thereafter, it denied a petition for rehearing. 37 I. C. C. page 77. The Lehigh Company then filed its bill in equity to enjoin the enforcement of the order. In that case, the proceeding was prosecuted to final determination before the Interstate Commerce Commission, findings were made, and an order was entered denying an extension of time for compliance with the act by the Lehigh Company. We reiterate that, in the instant case, there was a mere preliminary finding of jurisdiction and no final order commanding or inhibiting any action on the part of the companies.

Section 402 of the Transportation Act, 1920, 41 Stat. 456, 477, 49 U.S.C.A. § 1(18),

prohibits any carrier by railroad subject to the act from undertaking any extension of its lines or construction of new lines, without first securing from the Interstate Commerce Commission a certificate of public convenience and necessity. Paragraph 22 of § 402, supra, exempts from the requirements of § 402, supra, street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation. In Piedmont & Northern Ry. v. United States, 280 U.S. 469, 50 S.Ct. 192, 74 L.Ed. 551, the railway company filed an application for a certificate of public convenience and necessity to extend its lines and asserted therein that it was an interurban electric railway within the exemption of paragraph 22 and moved that its application be dismissed for want of jurisdiction. The Interstate Commerce Commission overruled the motion, took jurisdiction, heard the application on the merits, found that present and future public convenience and necessity was not shown to require the extension of the lines and entered its order denying the application. 138 I. C. C. pages 363, 401. The Piedmont Company then brought a suit in equity seeking a decree adjudging that the Interstate Commerce Commission was without jurisdiction and setting aside and annulling the order denying the application. Here, again, the action of the Interstate Commerce Commission was not challenged at the time it made its preliminary finding of jurisdiction, but not until it had heard the case on the merits and entered a final order denying the application.

It will be observed that in the Pacific Company case an order had been entered denying approval of the application, which in effect commanded the Inland Company not to transfer its assets to the Pacific Company; that in the Lehigh Company case an order had been entered denying an extension, which in effect commanded the Lehigh Company to discontinue ownership of its steamboat line; and in the Piedmont Company case an order had been entered denying the application, which in effect commanded the Piedmont Company not to extend its lines.

In Valvoline Oil Company v. United States, 308 U.S. 141, 60 S.Ct. 160, 84 L.Ed. 151, Id., D.C., 25 F.Supp. 460, the Interstate Commerce Commission had issued a general order known as Valuation Order No. 26 requiring all pipe line companies subject to the Interstate Commerce Act, 49 U.S.C.A. c. 1, § 1 et seq., to prepare and file with the Interstate Commerce Commission maps, charts, and schedules of their property not less than sixty days after written notice from the Interstate Commerce Commission. The Valvoline Company was served with such notice in January, 1936. Whereupon it petitioned the Interstate Commerce Commission to determine its status, asserting that it was not subject to the act. After a hearing on the petition the Interstate Commerce Commission issued a report on February 2, 1937, holding that the Valvoline Company was engaged in the transportation of oil by pipe line in interstate commerce, that it was a common carrier subject to the provisions of the Interstate Commerce Act, and that it should, therefore, comply with Valuation Order No. 26. The Valvoline Company brought a proceeding to enjoin the order of the Interstate Commerce Commission. In that case, the Interstate Commerce Commission not only made its preliminary finding of jurisdiction, but ordered and directed compliance by the Valvoline Company with Valuation Order No. 26.

Section 19 of the Natural Gas Act, 15 U.S.C.A. § 717r, provides that any person to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals. Here, no order has been issued by the Commission other than one directing that the investigation proceedings be instituted. We do not think the act intends to permit a review of a mere procedural order directing that a proceeding be instituted. Such an order clearly falls within group one of Mr. Justice Frankfurter's classification. See Rochester Tel. Corp. v. United States, supra, 307 U.S. page 130, 59 S.Ct. 754, 83 L.Ed. 1147. It is a mere interim step in the proceeding. We entertain no doubt that when the Commission makes an order pursuant to the Natural Gas Act commanding a company to do or refrain from doing something, it may seek a review of that order and therein raise the question of the jurisdiction of the Commission over the company. But that is not the case before us.

It is true that order No. 51 of the Commission directed an investigation to determine what persons are natural gas companies within the meaning of the Natural Gas Act and it is urged that the finding in the order of March 14, 1939, was the

culmination of that proceeding and in effect commands obedience by the companies with the provisions of the Natural Gas Act. We do not so regard the finding sought to be reviewed. It was made in the order of March 14, 1939, ordering an investigation. It was nothing more than a preliminary finding in a proceeding in which a definitive order has not yet been entered. As stated in our former opinion, 110 F.2d 350, 352, "It is a mere step in procedure. It neither commands nor inhibits any action on the part of the companies."

Counsel for the companies urge that the question of jurisdiction by virtue of the challenged finding will become res judicata and that they will be estopped from challenging the Commission's jurisdiction in any proceeding to review a future order of the Commission. The attitude taken by the Commission in this proceeding and our decision precludes that eventuality.

The petition for rehearing is denied.