UNITED STATES ET AL. *v.* IDAHO ET AL.

No. 420. Argued March 13, 1936.—Decided April 27, 1936.

*Mr. Daniel W. Knowlton,* with whom *Solicitor General Reed, Assistant Attorney General Dickinson,* and *Messrs. Elmer B. Collins* and *Edward M. Reidy* were on the brief, for the United States and Interstate Commerce Commission, appellants.

*Messrs. J. M. Souby, George H. Smith, Robert B. Porter,* and *W. Hal Farr* filed a brief on behalf of the Oregon Short Line R. Co., appellant.

*Mr. Maurice H. Greene,* with whom *Mr. Bert H. Miller,* Attorney General of Idaho, was on the brief, for appellees.

Mr. Justice Brandeis delivered the opinion of the Court.

The Interstate Commerce Act provides in Paragraph 18 of Section 1 that no interstate carrier "shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the [Interstate Commerce] Commission a certificate that the present or future public convenience and necessity permit of such abandonment." Paragraph 22 provides that the "authority of the Commission" conferred by Paragraph 18 shall not extend to the "abandonment of spur, industrial, team, switching or side tracks, located . . . wholly within one State." Transportation Act, 1920, c. 91, § 402, 41 Stat. 456, 477–478. Compare *Texas & Pacific Ry.* v. *Gulf, C. & S. F. Ry.*, 270 U. S. 266; *Alabama & Vicksburg Ry.* v. *Jackson & Eastern Ry.*, 271 U. S. 244; *Texas & New Orleans R. Co.* v. *Northside Belt Ry.*, 276 U. S. 475.

The Oregon Short Line Railroad, an interstate carrier, owns nine miles of track, in Teton County, Idaho, known as the Talbot branch and extending to a coal mine at Talbot. It applied to the Interstate Commerce Commission for authority to abandon that trackage. The State intervened through its Attorney General and Public Utilities Commission. They objected, among other things, on the ground that the Interstate Commerce Commission was without jurisdiction, since the so-called Talbot branch was in fact a "spur" or "industrial track" located wholly within the State. The objection was overruled; and authority to abandon the trackage was granted, by Division 4. Oregon Short Line Railroad Company Abandonment, 193 I. C. C. 697.

The State and its Public Utilities Commission then brought this suit in the federal court for Utah against the

United States, the Interstate Commerce Commission, and the Oregon Short Line, a Utah corporation, praying that the order authorizing abandonment be set aside and other relief. The case was heard before three judges. The sole controversy was whether the trackage was a "spur" or "industrial track"; and, therefore, excluded from the jurisdiction of the Interstate Commerce Commission. The record made before the Commission was introduced in evidence; also some testimony "which merely amplified evidence already in the record." The court found, among other things:

(1) The trackage was constructed during the period of federal control by the United States Railroad Administration, pursuant to a contract with the owners of coal mines situated at Talbot, for the single purpose of serving them. The owners agreed to furnish the right of way and to pay part of the cost of construction; and they agreed also that the railroad might tear up the tracks on their failure to supply for transportation a minimum specified tonnage. For a period of four years after construction no rail transportation was maintained, because of litigation involving the mines.

(2) In 1924, on application of the coal company, the Public Utilities Commission of Idaho, over objection of the Oregon Short Line that it lacked jurisdiction, held that the line was a spur track. It ordered the railroad to repair and operate it upon receiving from the coal company a bond conditioned upon the company delivering a specified minimum coal tonnage each year for five years. The railroad complied with the order. Subsequently, it procured a judgment on the bond for breach of the condition.

(3) The Oregon Short Line has never maintained a train schedule or regular service over this trackage; has never furnished express, passenger or mail service; has maintained no buildings, loading platforms or agent at

any point along the trackage; and has had no telegraph or telephone line in connection therewith. Bills of lading for cars of coal are made out by the mine company. There are practically no shipments in the opposite direction, the few supplies for the mine being sent up in the empty coal cars when ordered.

The District Court concluded that the Talbot branch was constructed and has been maintained for the purpose of serving a single industry; that practically no other industry is served; that this trackage does not invade new territory; that its continued operation or abandonment is of local and not of national concern; that it is therefore a "spur"; and hence, that the order of the Interstate Commerce Commission was in excess of its jurisdiction. The court annulled the order and enjoined its enforcement. 10 F. Supp. 712.

The decree should be affirmed, because on findings amply supported by the evidence the trackage is a spur. Appellants object that, since the findings and order of the Interstate Commerce Commission were made on substantial evidence, they are conclusive, and that it was error to admit the testimony first offered in the District Court. Compare *Tagg Bros. & Moorhead* v. *United States,* 280 U. S. 420, 444. Although it would have been better practice to have introduced all relevant evidence before the Commission, as appellee's counsel concede, the court did not err in admitting the additional testimony. For whether certain trackage is a "spur" is a mixed question of fact and law left by Congress to the decision of a court—not to the final determination of either the federal or a state commission.

This suit is not one brought to set aside for error or irregularity an order of the Commission on a matter within its jurisdiction. In such a proceeding the United States is the only party named as defendant; others interested become parties by intervention. See Commerce

Court Act, June 18, 1910, c. 309, § 3, 36 Stat. 539, 542, Urgent Deficiencies Act, October 22, 1913, c. 32, 38 Stat. 208, 219. Here, the jurisdiction of that Commission was challenged. It and the Oregon Short Line were joined as defendants in the original bill. Paragraph 20 of Section 1 of the Interstate Commerce Act authorizes any party in interest to apply to "any court of competent jurisdiction" to enjoin an unauthorized abandonment; and if, on such application, Talbot branch should be held to be a spur, it could not be abandoned legally without the consent of the Public Utilities Commission of Idaho. It is only because the plaintiffs sought also to have the order of the Interstate Commerce Commission annulled (compare *Texas & Pacific Ry.* v. *Gulf, C. & S. F. Ry.*, 270 U. S. 266, 271–274) that the case was one for three judges and could be brought here by direct appeal under the Act of October 22, 1913, c. 32, 38 Stat. 208, 220.

*Affirmed.*