**CHICAGO, S. S. & S. B. R. R. v. FLEMING (INTERSTATE COMMERCE COMMISSION, Intervener).**

No. 7027.

Circuit Court of Appeals, Seventh Circuit.
Feb. 1, 1940.

As Modified on Denial of Rehearing
Feb. 13, 1940.

---

John C. Lawyer and R. Stanley Anderson, both of Chicago, Ill., and Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, of Washington, D. C., for appellants.

Thurman Arnold, Robert L. Stern, and Nelson Thomas, all of Washington, D. C., James R. Fleming, of Fort Wayne, Ind., and Luther M. Swygert, of Hammond, Ind., for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The Interstate Commerce Commission had determined that appellee was within the scope, and subject to, the provisions of the Railway Labor Act, 45 U.S.C.A. §§ 151 to 164. On petition of appellee, the District Court enjoined the District Attorney for the Northern District of Indiana from instituting any proceeding against appellee for alleged violation of any provisions of that Act. From that order this appeal is prosecuted.

■ The statute and the principles of law here involved have been fully discussed in a number of cases involving very similar facts.[1] All of these cases support the proposition that the authority and duty to render the determination fall upon the Interstate Commerce Commission, and that such determination is binding if supported by substantial evidence, and not to be overruled unless arbitrary and capricious. The elements which had been considered by the Commission in reaching its determination are set forth in Shields v. Utah Idaho C. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111. On the authority of this case and of the other cases cited, we think the determination of the Commission should have been upheld.

■ An additional element appears in the case at bar which does not appear to have been present in the other cases. Section 77 (m) of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. m, which was not changed by the Chandler Act, defines "railroad corporation" as used in that section as any common carrier by railroad engaged in the transportation of persons or property in interstate commerce, except a street, a suburban, or interurban electric railway which is not operated as a part of a general railroad system of transportation or which does not derive more than fifty per cent of its operating revenues from the transportation of freight in standard steam railroad freight equipment. Appellee has undergone reorganization under the provisions of section 77 which was designed to provide a means for the reorganization of railroads engaged in interstate commerce. This was permitted at appellee's request, and upon its disclosure that it was an interstate carrier, and that more than fifty per cent of its operating revenues was derived from the transportation of freight in standard steam railroad freight equipment. Having brought itself within the definition of railroad for that purpose, we think it cannot now deny similar classification for purposes of the Railway Labor Act. This, we think, constitutes substantial evidence in support of the Board's determination, and we are not permitted to disturb it.

■ The decree permanently enjoined appellant from seeking to enforce the collection of any penalties provided by the Railway Labor Act, in so far as such violation or penalties should have occurred or accrued pendente lite or prior to the determination of the court upon final hearing, and from commencing any proceedings or taking any action whatsoever at any time with respect thereto. On hearing in this court, counsel for the Government stated that it did not propose to or contemplate doing so. That part of the decree of the District Court is affirmed. Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 276; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764. In all other respects the decree is reversed.

---

[1] Texas Electric Ry. Co. v. Eastus, D.C., 25 F.Supp. 825, affirmed without opinion by the Supreme Court, 60 S. Ct. 134, 84 L.Ed. —, Nov. 6, 1939, citing Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111, Interstate Commerce Comm. v. Union Pacific R. Co., 222 U.S. 541, 32 S.Ct. 108, 56 L.Ed. 308, Los Angeles Switching Case, 234 U.S. 294, 34 S.Ct. 814, 58 L. Ed. 1319, and United States v. American Tin Plate Co., 301 U.S. 402, 57 S.Ct. 804, 81 L.Ed. 1186 (See C.C.H.Sup.Ct. Serv.1939–40, p. 4530); and Hudson & M. R. R. Co. v. Hardy, 2 Cir., 103 F.2d 327, certiorari denied Hudson & M. R. Co. v. Cahill, 307 U.S. 640, 59 S.Ct. 1038, 83 L.Ed. 1521. See also United States v. Idaho, 298 U.S. 105, 56 S.Ct. 690, 80 L.Ed. 1070; Piedmont & N. Ry. Co. v. Interstate Commerce Comm., 286 U.S. 299, 52 S.Ct. 541, 76 L.Ed. 1115.