**MICHIGAN PUBLIC SERVICE COM-MISSION, Plaintiff,**
and
**Northport Cherry Factory, Inc., and Villages of Suttons Bay and Northport, Michigan, Intervening Plaintiffs,**
v.
**UNITED STATES of America, Defendant,**
and
**Interstate Commerce Commission and The Chesapeake and Ohio Railway Company, a Virginia corporation, Intervening Defendants.**

**Civ. A. 3377.**

United States District Court
W. D. Michigan, S. D.
May 15, 1958.

Paul L. Adams, Atty. Gen. of Michigan, John E. Tormey and Robert A. Der-

engoski, Asst. Attys. Gen., for plaintiff Michigan Public Service Comm.

Matheson, Dixon & Brady, by Edmund M. Brady, Detroit, Mich., for intervening plaintiff Northport Cherry Factory, Inc.

Williams, Griffin, Thompson & Coulter, by K. E. Thompson, Traverse City, Mich., for intervening plaintiffs Villages of Suttons Bay and Northport, Mich.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich., Victor R. Hansen, Asst. Atty. Gen., James E. Kilday and John C. Danielson, Attorneys, Dept. of Justice, Washington, D. C., for defendant United States of America.

Robert W. Ginnane, Gen. Counsel, Samuel R. Howell, Assoc. Gen. Counsel, Interstate Commerce Comm., Washington, D. C., for intervening defendant Interstate Commerce Commission.

Harrington, Waer, Cary & Martin, by John C. Cary, Grand Rapids, Mich., Edward H. Goodman and Allan E. Schmalzriedt, Detroit, Mich., for intervening defendant The Chesapeake & Ohio Ry. Co.

Before McALLISTER, Circuit Judge, and STARR and KENT, District Judges.

STARR, District Judge.

The material facts in this case are not in dispute. The Leelanau Transit Company, a Michigan corporation, owns 24.-04 miles of railroad track and right of way in Leelanau county, Michigan, which it leases to the Chesapeake and Ohio Railway Company, a Virginia corporation. On June 12, 1957, the Transit Company and the Railway Company, in pursuance of § 1, pars. (18) to (20), inclusive, of the Interstate Commerce Act (49 U.S.C.A. § 1, pars. [18]–[20]) filed a joint petition with the Interstate Commerce Commission, in which the Transit Company sought a certificate of public convenience and necessity authorizing it to abandon its line of railroad, and the Railway Company sought a certificate authorizing it as lessee to abandon its operation over the Transit Company line.

The Railway Company also sought authority to abandon 3.62 miles of its branch line in Leelanau county which connects with the Transit Company line.

A hearing on the joint petition to abandon was held before a hearing examiner of the Interstate Commerce Commission in Traverse City, Michigan, on September 26, and 27, 1957. At this hearing counsel for the Michigan Public Service Commission objected to the taking of testimony on the ground that the Commerce Commission did not have jurisdiction to consider and determine the application to abandon said lines, and that the application should have been submitted to the Michigan Commission. Motions by counsel for the Michigan Commission and by other protestants that the proceedings be stayed pending the determination of the question of jurisdiction as between the Commerce Commission and the Michigan Commission were overruled by the examiner. The hearing proceeded and testimony was presented by the applicants to abandon, by a representative of the Michigan Commission, and by parties protesting the abandonment of the lines. The petition of the Michigan Commission to the Commerce Commission filed December 4, 1957, for a further hearing to permit the presentation of evidence relative to the question of jurisdiction was denied, and briefs were ordered filed.

Thereafter on February 13, 1958, the Michigan Public Service Commission filed a complaint in this court alleging that the Interstate Commerce Commission has no jurisdiction over the intrastate railroad track and operation sought to be abandoned; that the track and operation are not within the purview of § 1, pars. (18)–(20), of the Interstate Commerce Act; that the track sought to be abandoned is an industrial track over which only switching operations are conducted; and that such track is excluded from the jurisdiction of the Commerce Commission by § 1, par. (22) of the Interstate Commerce Act.[1] The Michigan

---

1. Par. (22): "*Construction, etc., of spurs, switches, etc., within State.*

The authority of the commission conferred by paragraphs (18) to (21), both

Commission further alleged that it had jurisdiction over the abandonment of said railroad track and operation by virtue of Comp.Laws Mich.1948, § 462.14 (Stat.Ann. § 22.33), and it asked that the Interstate Commerce Commission be temporarily restrained by order of this court from holding any hearings, accepting any briefs, issuing any orders or rulings or taking any action whatsoever in exercise of jurisdiction over said application to abandon, and that it be temporarily and permanently enjoined from taking any action or exercising any jurisdiction relating to said application. Upon the filing of the complaint and upon a satisfactory showing the district judge in pursuance of 28 U.S.C. § 2284(3) issued a temporary restraining order as prayed for against the Commerce Commission.

Upon their application the Interstate Commerce Commission and The Chesapeake and Ohio Railway Company were allowed to intervene as parties defendant, and the Villages of Suttons Bay and Northport and the Northport Cherry Factory, Inc., which protested the abandonment proceedings were allowed to intervene as parties plaintiff. Upon the plaintiff's request, and in pursuance of 28 U.S.C. §§ 2325 [2] and 2284(1), a district court of three judges was convened to hear plaintiff's application for injunctive relief.

The United States of America, defendant, and the Interstate Commerce Commission, intervening defendant, have jointly moved to dismiss the action on the following grounds: (1) That the specially convened three-judge court lacks jurisdiction over the subject matter because the plaintiff has not exhausted its administrative remedies before the Interstate Commerce Commission and this court is empowered to review only final orders of that commission, and because the Interstate Commerce Commission has not yet made a determination of the issue as to its jurisdiction; (2) that the court, sitting otherwise than as a specially convened three-judge court, lacks jurisdiction over the subject matter because the defendant United States of America has not consented to be sued, and lacks jurisdiction to determine equitable actions against commission orders irrespective of the jurisdictional amount involved; and (3) that the action involving the Interstate Commerce Commission should have been begun in the district court of the District of Columbia. The Chesapeake and Ohio Railway Company also filed a motion to dismiss the action on substantially the same grounds. The plaintiff's application for a preliminary injunction and the motions of the defendant and intervening defendants to dismiss were heard by the three-judge district court.

■ The principal question raised by the plaintiff's complaint and the defendants' motions to dismiss is whether this court has jurisdiction, at this stage of the proceeding pending before the Interstate Commerce Commission, to enjoin that commission from holding any hearings, accepting any briefs, issuing any orders or rulings or taking any action whatsoever in connection with the petition for the abandonment of the railroad track and operation in question. Plaintiff contends that this court has jurisdiction to grant the injunctive relief prayed for. On the other hand, the defendant and intervening defendants contend that this court does not have power to issue injunctive process staying the abandonment proceeding before the commission because the court's ju-

---

inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching, or side tracks, located or to be located wholly within one State, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation."

**2.** § 2325: "An interlocutory or permanent injunction restraining the enforcement, operation or execution, in whole or in part, of any order of the Interstate Commerce Commission shall not be granted unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

risdiction extends only to the review of final orders of the commission. 28 U.S.C. § 1336 provides:

"Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any *order* of the Interstate Commerce Commission."

49 U.S.C.A. § 1, par. (20) provides that the Interstate Commerce Commission shall have power to issue or to refuse to issue a certificate for the extension or abandonment of a line of railroad, and further provides that "any construction, operation, or abandonment contrary to the provisions of this paragraph or of paragraph (18) or (19) of this section may be enjoined by any court of competent jurisdiction at the suit of the United States, the commission, any commission or regulating body of the State or States affected, or any party in interest."

49 U.S.C.A. § 17(9) provides:

"When an application for rehearing, reargument, or reconsideration of any decision, order, or requirement of a division, an individual Commissioner, or a board with respect to any matter assigned or referred to him or it shall have been made and shall have been denied, or after rehearing, reargument, or reconsideration otherwise disposed of, by the Commission or an appellate division, a suit to enforce, enjoin, suspend, or set aside such decision, order, or requirement, in whole or in part, may be brought in a court of the United States under those provisions of law applicable in the case of suits to enforce, enjoin, suspend, or set aside orders of the Commission, but not otherwise."

The merits of the application of the Leelanau Transit Company and The Chesapeake and Ohio Railway Company for a certificate of public convenience and necessity authorizing the abandonment of the railroad track and opera-

tion in question, are not before the court at this time. The only question for determination is whether or not this court has jurisdiction to grant the plaintiff's prayer for injunctive relief.

Section 1336 hereinbefore quoted gives district courts jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend any "order" of the Interstate Commerce Commission. However, the statute does not define or limit the term "order," and we shall accordingly consider the judicial construction of that term by the courts.

In United States v. Illinois Central Railroad Company, 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007, certain coal companies filed petitions with the Interstate Commerce Commission asking that damages be assessed against the railroad for failure to supply sufficient coal cars. The railroad's motion to dismiss the petitions on the ground that the Commission lacked jurisdiction was denied, and the Commission proceeded with the action by shippers and entered an order setting the cause for further hearing. The railroad then obtained an injunction against the Commission's action from a three-judge statutory court, on the ground that the Commission was without jurisdiction. In reversing and remanding the action with direction to dismiss the complaint, the court said, 244 U.S. at page 89, 37 S.Ct. at page 587:

"The alleged order was nothing more than notice of a hearing which the railroad company might attend or not, as it saw fit.

"The notice, therefore, had no characteristic of an order, affirmative or negative. It was a mere incident in the proceeding, the accident of the occasion—in effect, and, it may be contended, in form, but a continuance of the hearing."

In New York, O. & W. Ry. Co. v. United States, D.C., 14 F.2d 850, affirmed 273 U.S. 652, 47 S.Ct. 334, 71 L.Ed. 823, the railroad sought to enjoin the Interstate Commerce Commission from proceeding under an order reopening certain valua-

tion proceedings. In dismissing the action the court said, 14 F.2d at pages 850, 851:

"It is quite true that the petitioner here asserts a complete lack of lawful power in the Commission to make the order complained of. But that was exactly the case in United States v. Illinois Central R. Co., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007. Yet it was there held, on the authority of Procter & Gamble Co. v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091, that, although the statute says that suits may be brought to annul, etc., '*any* order of the Interstate Commerce Commission,' that does not mean *every* order of the Commission, but only those mandates which compel 'the doing or abstaining from doing of acts embraced by a previous affirmative command of the Commission.' Therefore orders relating to practice or procedure could not be made the subject of suits like this one.

"There has been no affirmative order of the Commission; there is merely a direction that evidence be taken tending to change a previous finding of the Commission itself; non constat that that finding will ever be changed. If it is, another question will arise. All we can say now is that under the cases cited the petitioner cannot presently complain."

In Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, the corporation obtained an injunction against a hearing by the National Labor Relations Board on the ground that the jurisdictional element of interstate commerce was not involved and that proceeding with a further hearing, which could result only in a void order, would cause irreparable injury. In reversing the lower court, with direction to dismiss the complaint, Mr. Justice Brandeis said in 303 U.S. at pages 50, 51, 58 S.Ct. at page 463:

"The Corporation contends that, since it denies that interstate or foreign commerce is involved and claims that a hearing would subject it to irreparable damage, rights guaranteed by the Federal Constitution will be denied unless it be held that the District Court has jurisdiction to enjoin the holding of a hearing by the Board. So to hold would, as the Government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

"Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage."

In considering what orders of Federal commissions are reviewable, the Supreme Court in Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, at pages 384, 385, 58 S.Ct. 963, at page 967, 82 L.Ed. 1408, said:

"There are persuasive analogies in the construction of provisions for the review of the orders of other administrative bodies. The Urgent Deficiencies Act of October 22, 1913, provides for cases brought to enjoin, set aside, or suspend '*any order*' of the Interstate Commerce Commission. But this Court has held that 'there are many orders of the Commission which are not judicially reviewable under [this] provision.' See United States v. Los Angeles &

Salt Lake R. Co., 273 U.S. 299, 309, 47 S.Ct. 413, 414, 71 L.Ed. 651, and cases cited. * * * Negative orders of the Commission are not reviewable. * * * A final report by the Commission on value under section 19a of the Interstate Commerce Act, though called an order, is not reviewable. * * * With respect to other regulatory bodies, it has been held that mere preliminary or procedural orders are not within the statutes providing for review by the Circuit Court of Appeals. Chamber of Commerce of Minneapolis v. Federal Trade Comm., 8 Cir., 280 F. 45, 48; Ames Baldwin Wyoming Co. v. National Labor Relations Board, 4 Cir., 73 F.2d 489, 490; Jones v. Securities & Exchange Comm., 2 Cir., 79 F.2d 617, 619; Id., 298 U.S. 1, 14, 56 S.Ct. 654, 657, 80 L.Ed. 1015. So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. * * * See, also, Securities & Exchange Comm. v. Andrews, 2 Cir., 88 F.2d 441."

See also United States v. Western Pacific Railroad Co., 352 U.S. 59, 63, 64, 77 S.Ct. 161, 1 L.Ed.2d 126; City of Yonkers v. United States, 320 U.S. 685, 64 S.Ct. 327, 88 L.Ed. 400; Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; United States v. Los Angeles & Salt Lake Railroad Company, 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651; Lehigh Valley Railroad Company v. United States, 243 U.S. 412, 414, 37 S.Ct. 397, 61 L.Ed. 819; Procter & Gamble Company v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091.

In view of the foregoing authorities we conclude that the word "order" as used in § 1336 means only final orders of the Commerce Commission and not interlocutory or procedural orders. In the present case the Interstate Commerce Commission has taken jurisdiction of the subject matter, that is, the abandonment proceeding. However, the only action taken so far by the Commission has been the holding of the hearing in Traverse City, the denial of the Michigan Commission's motion for a stay of that hearing, the denial of the Michigan Commission's petition for a further hearing, and direction for the filing of briefs, and it is clear that these were merely preliminary and procedural steps in the Commission's consideration of the petition to abandon and were not in any sense final and reviewable orders.

Having taken jurisdiction of the subject matter of the present action, the Interstate Commerce Commission is entitled to complete its administrative duties relative to the petition to abandon without judicial interference. The Commission is merely performing a service specifically delegated and prescribed by the Congress. No one knows at this time what its final order will be at the conclusion of its consideration of the petition to abandon. In John J. Casale, Inc., v. United States, D.C., 52 F.Supp. 1005, 1006, affirmed 321 U.S. 752, 64 S. Ct. 640, 88 L.Ed. 1052, the trial court said:

"Neither the plaintiff nor this Court knows what the order of the Interstate Commerce Commission will be at the conclusion of the consideration of the case before it. If the order accords with what the plaintiff wants, obviously it has not been hurt by the Commission's refusal to dismiss. If the order goes against the plaintiff's desires and it feels aggrieved thereby, court review is open to it on the merits which will include the question of whether it has a substantive right to have its petition dismissed at its pleasure after hearings have taken place. But, at the present state of the litigation, we are clear that the

plaintiff is not entitled to relief from this Court."

If the Interstate Commerce Commission in its final order determines that it is without jurisdiction, or determines that the petition to abandon the railroad track and operation in question should not be granted, the plaintiff in the present case can then have no complaint. On the other hand, if the plaintiff is aggrieved by the Commission's final order, it may then seek court review of the action of the Commission and the question of its jurisdiction.

The plaintiff cites and relies upon United States v. State of Idaho, 298 U.S. 105, 56 S.Ct. 690, 80 L.Ed. 1070. In that case the Oregon Short Line Railroad applied to the Interstate Commerce Commission for authority to abandon certain railroad trackage. The State intervened and objected on the ground that the Commerce Commission was without jurisdiction, as the track was in fact a "spur" or "industrial track" located wholly within the State and excluded from the jurisdiction of the Commission. The Commission overruled the objection and authorized the abandonment of the track. The State and its Public Utilities Commission then brought suit in the Federal court praying that the order of the Commerce Commission be set aside. The case was heard by a three-judge district court, 10 F.Supp. 712, which concluded that the trackage in question was a "spur," that the Commission's order of abandonment was in excess of its jurisdiction, and that the order should be annuled and its enforcement enjoined. The Supreme Court affirmed on the ground that under § 1, par. (20) of the Interstate Commerce Act any party in interest may apply to "any court of competent jurisdiction" to enjoin an unauthorized abandonment. It should be noted that the three-judge court was reviewing a *final* order of the Commission. Therefore, the decision does not support the plaintiff's contention in the present

case that this three-judge court may enjoin any and all action by the Commerce Commission. Rather, it supports the defendant's contention that only a final order of the Commerce Commission is subject to judicial review.

The plaintiff also cites and relies upon Texas & Pacific Railway Company v. Gulf, Colorado & Santa Fe Railway Company, 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578. In that case the Texas Company brought suit in the Federal district court to enjoin the Gulf Company from constructing certain railroad trackage within the State, alleged to be an extension of Gulf's railroad, without having secured the necessary certificate from the Interstate Commerce Commission. The district court entered a decree enjoining the construction or operation of the proposed railway line until the necessary certificate had been obtained from the Commission. Upon appeal to the court of appeals the decree of the district court was reversed. In reversing the court of appeals and affirming the decree enjoining construction or operation of the line, the Supreme Court said, 270 U.S. at page 273, 46 S.Ct. at page 264:

> "A party in interest who is opposed to the construction is not authorized by the Act to initiate before the Commission any proceeding concerning the project. If application for a certificate has been made, he may appear there in opposition. If no such application has been made, paragraph 20 [3] affords him the only remedy. That remedy is both affirmative and complete.

> "The function of the court upon an application for an injunction under paragraph 20 is a very different one from that exercised by the Commission when, having taken jurisdiction under paragraphs 19 and 20, it grants or refuses a certificate. The function confided in the Commission is comparable to that involved in a determination of the

---

3. Section 1, par. (20) of the Interstate Commerce Act hereinbefore quoted in this opinion.

propriety or application of a rate, rule or practice. It is the exercise of administrative judgment. Where the matter is of that character, no justiciable question arises ordinarily until the Commission has acted. Compare Great Northern Ry. Co. v. Merchants' Elevator Co., 259 U.S. 285, 295, 42 S.Ct. 477, 66 L.Ed. 943. The function of the Court upon the application for an injunction is to construe a statutory provision and apply the provision as construed to the facts. The prohibition of paragraph 18 is absolute. If the proposed track is an extension and no certificate has been obtained, the party in interest opposing construction is entitled as of right to an injunction."

The factual situation and questions of law involved in the Texas & Pacific Railway Company case clearly distinguish it from the present case. No preliminary or final order of the Interstate Commerce Commission was involved in the Texas case, and therefore it does not sustain the plaintiff's contention that this court has jurisdiction to enjoin all action of that Commission in connection with the pending petition for abandonment.

From consideration of the pleadings, arguments of counsel, and able briefs, and for the reasons herein stated we conclude as follows:

(1) That as the Interstate Commerce Commission has taken jurisdiction of the subject matter of this action, this three-judge district court is without jurisdiction to enjoin all further action by that Commission; (2) that the plaintiff Michigan Public Service Commission has not exhausted its administrative remedies before the Commerce Commission; (3) that the jurisdiction of this court is limited to the review of the final order or orders of the Commerce Commission; (4) that this court is without jurisdiction to grant the injunctive relief prayed for in this action; (5) that the temporary restraining order heretofore entered should be dissolved and set aside; (6) that the plaintiff's application for a preliminary injunction should be denied; and (7) that the motion of the defendant and the intervening defendants to dismiss this action should be granted.

In view of the court's conclusions other questions presented in this action do not require consideration. An order will be entered dissolving and setting aside the temporary restraining order, denying the plaintiff's application for a preliminary injunction, and dismissing this action. In view of the public interest involved no costs will be allowed to any party.