**LOUISIANA AND ARKANSAS RAILWAY COMPANY, Plaintiff-Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants-Appellees.**

No. 27021.

United States Court of Appeals Fifth Circuit.

Aug. 19, 1969.

Arthur R. Carmody, Jr., W. O. Crain, Jr., Wilkinson, Woods, Carmody, Meadows & Hall, Shreveport, La., Richard P. Bruening, Kansas City, Mo., for plaintiff-appellant.

George Mathews, Baton Rouge, La., for Greater Baton Rouge Port Commission.

Murray Hudson, Hudson, Potts & Bernstein, Monroe, La., William R. McDowell, Dallas, Tex., Mark M. Hennelly, R. H. Stahlheber, Charles W. Chapman, St. Louis, Mo., for Missouri Pacific R. Co. and the Texas & Pacific Ry. Co.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

SIMPSON, Circuit Judge:

The West Bank Port Facility in Baton Rouge, Louisiana, is served by rail, and is located entirely on property owned or leased by the Greater Baton Rouge Port Commission. The port is a general docking, mooring, warehousing, and rail facility. Connecting, interchange, and switching trackage totals some seventeen (17) miles in length.

On December 31, 1956, an operating agreement, providing for alternate control and responsibility for switching operations, was consummated between the parties to this litigation. The companies agreed to perform switching operations on a rotating yearly basis. This agreement was terminated on July 4, 1967, pursuant to its provisions, and a new agreement became effective the following day giving the defendant, Texas and Pacific, exclusive switching and maintenance responsibilities.[1]

Appellant seeks to enjoin or void the 1967 agreement because the appellees[2] failed to procure an ICC certificate pursuant to the Interstate Commerce Act, Section 1(18), Title 49, U.S.C., Section 1(18). ICA, Section 1(18) requires ICC approval of any abandonment of operation of all or any part of a railway line, i. e. line of railroad. The section also provides that: "Nothing in this paragraph * * * shall be considered to prohibit the making of contracts between carriers by railroads subject to this chapter, without the approval of the Commission, for the joint ownership or joint use of spur, industrial, team, switching, or side tracks". The appellant's contention simply stated is that the 1967 agreement constituted an abandonment which required ICC approval.

The trial court found that the Greater Baton Rouge port facility was not a "line of railroad" so as to require ICC approval of the agreement and dismissed the suit.

■ The sole issue presented on appeal is whether the district court erred in finding that the port facility was not a "line of railroad". Whether or not the trackage falls within the "line of railroad" category contained in Section 1(18) or in the excepted category of "spur, industrial, team, switching or side tracks" of that section is for the court rather than the Interstate Commerce Commission to decide. Title 49, U.S.C., Section 1(20); Powell v. United States, 300 U.S. 276, 57 S.Ct. 470, 81 L.Ed. 643 (1937).

■ The trial court made the following specific findings of fact: "The trackage involved in this suit is non-carrier owned and has been for the past twelve years, non-carrier maintained. The rails are of light weight stock and are all located within one parish of the state. There has never been any station, facilities for handling less than carload freight, signaling systems, telephone and telegraph communications systems, or railroad agents located on or along any of the trackage involved. No passenger trains or line-haul freight trains have ever operated over the trackage. Each carrier's right to use the trackage has been limited for the past twelve years by contract to the performance of switching services every third year. The trackage has never been used for any purpose other than switching. It has been used primarily to service only one industry * * *. It is obvious from these facts above that by no stretch of the imagination could this trackage be considered to be a 'line of railroad.'" 288 F.Supp. 320, 323. We agree.

The trackage involved here was properly classified as spur and switching trackage and as such is not subject to the control of the Interstate Commerce Commission under Section 1(18)–1(22) of the Act. United States v. State of Idaho, 298 U.S. 105, 56 S.Ct. 690, 80 L.Ed. 1070 (1936). Since there is no contention that the 1956 contract was not validly terminated (other than the abandonment contention previously discussed) or that the 1967 contract was invalid we affirm the district court's denial of the injunctive relief sought.

Affirmed.

---

1. The Port Commission entered into the new agreement because it was unable to maintain the trackage properly as was evidenced by prior derailments.

2. The appellant brought suit against defendants, Missouri Pacific Railroad Company, Texas & Pacific Railroad Company, and the Greater Baton Rouge Port Commission.