**ILLINOIS COMMERCE COMMISSION, Village of Cary, C. Franke & Company, Inc., and Patrick W. Simmons, Petitioners,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents.**

**Chicago and North Western Transportation Company, Intervening Respondent.**

**No. 84–2912.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1985.

Decided Dec. 18, 1985.

Gordon P. MacDougall, Washington, D.C., for petitioner.

Evelyn G. Kitay, I.C.C., Washington, D.C., for respondent.

Before CUDAHY and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

CUDAHY, Circuit Judge.

In this appeal we review whether the Interstate Commerce Commission (the "ICC" or "the Commission") had jurisdiction to determine that the Chicago and North Western Railroad Company was exempt from complying with statutory requirements for abandoning a small strip of track in McHenry County, Illinois. The Commission first determined that the track was "line of railroad" and thus within its jurisdiction. We vacate and remand for further proceedings on this issue.

The "Cary Spur Track" is a 570-foot strip of track that is owned by the Chicago and North Western. Since 1912, this track has served the C. Francke Company of Cary, Illinois. C. Francke has been the sole receiver of freight along the track. When the railroad company determined that it would cost $33,490 to rehabilitate a grade crossing along the track, it decided to abandon the track.

If track falls within ICC jurisdiction, its abandonment generally will be governed by 49 U.S.C. § 10903 et seq. However, not all track comes under ICC control. Under 49 U.S.C. 10907(B):

The Commission does not have authority under sections 10901–6 of this title over (1) the construction, requisition, operation, abandonment or discontinuance of spur, industrial, team, switching or side tracks if the tracks are located, or intended to be located, entirely in one state.

Also, even if the ICC has jurisdiction over railroad track, it may exempt it from the requirements of 49 U.S.C. 10903 et seq. if regulation is not necessary to carry out national transportation policy. 49 U.S.C. 1050(a). In January 1984, the Chicago and North Western filed a petition for such an exemption with the ICC. The Commission began reviewing the petition and invited public comments about whether the track was spur and thus outside Commission jurisdiction. Comments were filed by the petitioners in this case: Francke, the Illinois Commerce Commission and Patrick Simmons, the Illinois Legislative Director for the United Transportation Union.

In October 1984, the ICC determined that it had jurisdiction over the Cary Spur Track and granted Chicago and North Western an exemption. The ICC then denied motions for reconsideration and for a stay. Francke, Simmons and the Illinois Commerce Commission then brought this suit against the ICC. The Chicago and North Western was allowed to intervene as a respondent.

I.

Whether railroad track is spur or railroad line is a "mixed question of law and fact to be determined judicially rather than administratively." *New Orleans Terminal Co. v. Spencer,* 366 F.2d 160, 164 (5th Cir.1966), *cert. denied* 386 U.S. 942, 87 S.Ct. 974, 17 L.Ed.2d 873 (1967). The Commission's expertise, of course, entitles its determination to the greatest deference. However, as the final arbiter of the Commission's jurisdiction, a court will "set aside agency action, findings and conclusions found to be ... in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. 706(2)(C). In addition, we believe there must be some rational limits to any

expansive view of Commission jurisdiction occasioned by the availability of expedited abandonment procedures under the Staggers Act, 49 U.S.C. 10505(a).

The case law concerning the meaning of spur track has not always been clear. Nonetheless, courts have emphasized several factors in determining whether track is spur or line of railroad. In *Texas and Pacific Railway v. Gulf, Colorado & Santa Fe Railway*, 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed.2d 578 (1926), Justice Brandeis stated that track will be considered line of railroad "if the purpose and effect of the new trackage is to extend substantially the line of the carrier into new territory." This is particularly true "where it extends into new territory already served by another carrier." *Id.* at 278, 46 S.Ct. at 266. In *Texas and Pacific Railway v. Gulf*, the Gulf Railway Company was laying 7½ miles of new track at a cost of $510,000. The Court found this to be line of railroad because it was invading territory already served by Texas and Pacific and was expected to divert $500,000 in business per year from that company.

Later courts have emphasized the *use* of the track in deciding whether it is spur or railroad line. In *New Orleans Terminal, supra*, the Fifth Circuit stated, "If there are traffic movements which are part of the actual transportation haul from shipper to consignee, then the trackage over which the movement takes place is a 'line of railroad or extension thereof.' " 366 F.2d at 165–66. *See also Nicholson v. ICC*, 711 F.2d 364, 367 (D.C.Cir.1983) ("It is well established that the determination of whether a particular track segment is a "railroad line," requiring the Commission's authorization pursuant to § 10901(a), or a "spur, industrial, team, switching, or side" track, exempt from Commission jurisdiction pursuant to § 10907(b), turns on the intended use of the track segment, not on the label or cost of the segment.") (footnote

omitted), *cert. denied*, 464 U.S. 1056, 104 S.Ct. 739, 79 L.Ed.2d 197 (1984). In its decision which is before us, the ICC found use to be "the controlling factor," ICC Decision, Finance Docket No. 30401 (January 11, 1985), and concluded that because the subject line is used as part of interstate transportation movement from shipper to consignee it is line of railroad. This is so, the Commission found, even though "it may also have been used for loadings, storage, and switching of cars incidental to the receipt of shipments." *Id.*

## II.

On the basis of the facts before us, we question the Commission's conclusion, or at least determine that it is insufficiently supported by reasoned analysis. Moving 570 feet into a company's lumber yard is hardly a "substantial invasion" into new territory. The Commission cites no other court case where trackage this short was found to constitute line of railroad.[1] Moreover, while the intervening respondents suggest that when the track was first laid it may have invaded territory claimed by other railroads, there is no evidence in the record before us supporting this, nor—considering the distances involved—does this seem a likely possibility.

Even accepting the ICC's contention that the *use* of the track controls, however, we have not been persuaded that the Cary Spur is used as a line of railroad. This case is readily distinguishable from cases finding track to be a line of railroad. In *New Orleans Terminal*, the 1900 foot strip of track in question handled through traffic that ultimately served many shippers and receivers and connected with the city of New Orleans' major railroad line. Here the track is stub-ended and used exclusively to serve one shipper. *ICC v. Memphis Union Station*, 360 F.2d 44 (6th Cir.), *cert. denied*, 385 U.S. 830, 87 S.Ct. 66, 17 L.Ed.2d 66 (1966), involved the proposed

---

1. The Commission cites its own case, decided in 1982. *Chicago and North Western Transportation Co. Abandonment Exemption*, ICC Finance Docket No. 30045 (12/27/82). This case involved "side track" rather than spur, is very recent and is, of course, another instance of an expansive jurisdictional determination being made in aid of expedited Staggers Act abandonment.

abandonment of a terminal that was essential to passenger traffic in the city of Memphis. "No passenger seeking to leave Memphis for another state, or come to Memphis from another state by any of the railroads operating therefrom [since 1912] could do so without traveling over some of the track of the Memphis Union Station." 360 F.2d at 50.

Nor are we convinced that the *New Orleans Terminal* court intended the ICC's expansive reading that *any* track that is used in the "actual transportation haul from shipper to consignee" is line of railroad. For example, in order to complete its transportation haul from shipper to consignee, a train must pass over track where it can be loaded and track where it can be unloaded yet the *New Orleans Terminal* court specifically exempted loading track from the Commission's jurisdiction. In the case before us, freight destined for the Cary Spur must apparently first pass over team track that is connected to the main railroad line. Certainly this team track is part of the actual transportation haul of cars entering and leaving C. Francke. Yet team track is specifically excluded from ICC jurisdiction by statute (and at oral argument ICC counsel did not claim jurisdiction over team track). Accepting the ICC's position on the Cary spur may produce the improbable result that jurisdiction is lost when cars first leave the main line for the team track but magically reappears when they come within 570 feet of the shipper's lumber yard.

In *United States v. Idaho,* 298 U.S. 105, 56 S.Ct. 690, 80 L.Ed. 1070 (1936), Justice Brandeis, the author of *Texas and Pacific,* articulated some of the qualities of the spur track there. In determining that 9 miles of track was spur track, he noted, "the Oregon Short Line has never maintained a train schedule of regular service over this trackage, has never furnished express, passenger, or mail service; has maintained no buildings, building platforms, or agent at any point along the trackage; and has no telegraph or telephone line in connection therewith." *Id.* at 108–09, 56 S.Ct. at 692. *See also Chicago, Minneapolis, St. Paul & Pacific Railroad Co. v. Chicago & Eastern Illinois Railroad Co.,* 198 F.2d 8 (7th Cir.1952) (using *U.S. v. Idaho* criteria to find track feeding into power plant to be spur); *New York Central Railroad Co. v. Chicago & Eastern Illinois Railroad Co.,* 222 F.2d 828, 830 (7th Cir.1955) (900 feet of track with irregular service, no station, and no mail, express or passenger service is spur).

Here, the Cary Spur is only .1 mile long. Much of the track is on the lone shipper's property and is maintained by the shipper. Service on the track has been sporadic— only 2 cars traveled the spur in 1981, 4 in 1982 and 6 in 1983. The track is made of lighter weight rail and is used to store rolling equipment. There is no station. While each of these factors standing alone would not necessarily make track spur, together they seem to support a position that the Cary Spur is not line of railroad, which the Commission's order here falls short of persuasively rebutting. If this track is not spur, we find it difficult to conceive of what would be.

We do not hold as a matter of law that the track in question is spur and therefore beyond the Commission's jurisdiction. We cannot, however, no matter how great our deference, accept the Commission's determination on the present record and based solely on the Commission's present reasoning. In a matter of this sort, we are reluctant to reject outright the Commission's determination without first remanding to provide an opportunity for further consideration and for elaboration of reasons of law and policy or for other proceedings.

While it is entirely possible that there are additional reasons why the Cary Spur should be viewed as line of railroad or additional analysis which makes this result more compelling, these reasons and analysis are absent from the record before us. In particular, we have been told little about the division of responsibility between the Illinois Commerce Commission and the ICC in this regard. We therefore VACATE with respect to the Commission's assumption of jurisdiction and REMAND for reconsideration by the Commission, for additional, or elaborated findings of fact or analysis supporting an appropriate conclu-

sion, for a reasoned decision fairly considering the available precedent as well as appropriate current legislation and policies and for other proceedings not inconsistent with this opinion.

SWYGERT, Senior Circuit Judge, dissenting.

Although I agree with much of the majority's analysis I cannot agree with its conclusion that this case should be remanded to the Interstate Commerce Commission for further proceedings. I would hold as a matter of law that the Cary Spur Track is a "spur" under 49 U.S.C. § 10907(B) and therefore beyond the Commission's jurisdiction.

No useful purpose will be served by the court's remand of this case. The Commission's decision below represents an unprecedented expansion of the Commission's jurisdiction and is based on precisely the type of erroneous conclusion of law this court is charged with correcting. *See* 5 U.S.C. § 706(2)(C). I cannot imagine what additional facts may be proffered below to support this unwarranted extension of the Commission's jurisdiction. The record before us warrants an outright reversal of the Commission.